IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEARING TECHNOLOGIES INTERNATIONAL, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>MG DEVELOPMENT AMERICA, INC., a Pennsylvania corporation,<br><br>Defendant. | Civil Action No. _____<br><br>*Electronically filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Hearing Technologies International, Inc. ("HTI") hereby files this Complaint for Patent Infringement against defendant MG Development America, Inc. ("MG") and alleges as follows:

1.  This is a civil action arising under the Patent Laws of the United States (35 U.S.C. Section I *et seq*.), for damages and injunctive relief as provided in Title 35 U.S.C. Section 281 and Sections 283-285.

**The Parties**

2.  Plaintiff, Hearing Technologies International, Inc., is a corporation organized and existing under the laws of the State of Florida with a principal place of business at 13403 91st Ave., Seminole, FL 33776. HTI is engaged in promoting and distributing hearing aid accessories and cleaning tools.

3. On information and belief, Defendant, MG Development America, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 625 Liberty Ave., 5th Floor, Pittsburgh, PA 15222.

4. On information and belief, MG is engaged in promoting, distributing, and selling hearing aid accessories and cleaning tools.

5. On information and belief, MG is incorporated in this District and does substantial business in this District.

**Jurisdiction and Venue**

6. This Court has jurisdiction of this action under 28 U.S.C. Sections 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), 1391(c), and 1400(b) for at least the reason that the Defendant is located in this District and has sold and is selling the accused product in this District.

**Background**

8. On October 19, 2010, United States Patent No. 7,814,678 entitled "Hearing Aid Dryer" (hereinafter referred to as "the '678 Patent") was duly and legally issued to Hearing Technologies International, Inc., as the assignee of inventor Harvey Romanek. HTI owns all right, title and interest in and to the '678 Patent. A copy of the '678 Patent is attached to this Complaint as Exhibit A.

9. The '678 Patent relates generally to a hearing aid drying/disinfecting system.

10. HTI has the right to make, use, sell, and offer to sell the inventions of the '678 Patent and has the right to sue and recover for past, present, and future infringement of the '678 Patent. [If exclusive rights, I'd indicate that].

## COUNT 1

### Infringement of U.S. Patent No. 7,814,678

11. The allegations of paragraphs 1-10 above are incorporated for this Count 1 as though fully set forth herein.

12. On information and belief, MG has manufactured, used, sold, offered for sale, distributed, and/or imported into the United States hearing aid dryers/disinfectors, including but not limited to at least the PerfectDry LUX® hearing aid dryer and disinfector, which infringes one or more claims of the '678 Patent either directly, contributorily, by inducement, or otherwise in violation of 35 U.S.C. Section 271.

13. On information and belief, MG has offered for sale and has sold the PerfectDry LUX hearing aid dryer in this District.

14. On information and belief, MG's infringement activities are ongoing and will continue unless enjoined by this Court.

15. As a result of the aforementioned actions of MG, Plaintiff has suffered and continues to suffer damages and irreparable harm.

WHEREFORE, Plaintiff prays for judgement and injunction against Defendant as follows:

### **Prayer for Relief**

A.     For judgement that MG has infringed U.S. Patent No. 7,814,678;

B.     For a preliminary and permanent injunction prohibiting MG, its subsidiaries, divisions, officers, agents, servants, employees, attorneys, those persons in active concert or participation with them who receive actual notice of the injunction order by personal service or otherwise, and those in privity with MG from infringing, contributing to the infringement of, and inducing infringement of U.S. Patent No. 7,814,678 and for all further and proper injunctive relief;

C.     For an award to HTI of damages for MG's infringement with interest, as well as costs and reasonable attorneys' fees pursuant to 35 U.S.C. Section 285 or other applicable law; and

D.     For an award of such other and further relief as this Court may deem just and proper, including other relief permitted under the Patent Statute.

### **JURY DEMAND**

Plaintiff requests trial by jury of all the issues in this matter.

Dated: August 29, 2017 						Respectfully submitted,

**THE WEBB LAW FIRM**

 s/ *Cecilia R. Dickson*
Cecilia R. Dickson (PA ID No. 89348)
Maximillian D. Meese (PA ID No. 321110)
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
cdickson@webblaw.com
mmeese@webblaw.com

*Attorneys for Plaintiff*
*Hearing Technologies International, Inc.*

OF COUNSEL:

Stephen H. Bean (USB 9240, steve@legendslaw.com)
Nicholas Wells (USB 10150, nwells@legendslaw.com)
(*pro hac vice* to be filed)
LEGENDS LAW GROUP, PLLC
330 N Main
Kaysville, Utah 84037
Tel: (801) 337-4500

*Attorneys for Plaintiff*
*Hearing Technologies International, Inc.*